UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MIGUEL FELICIANO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1108-CCB-SJF |

OPINION AND ORDER

Immigration detainee Miguel Feliciano, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Feliciano is a citizen of Mexico who claims to have entered the United States without inspection in 2016. (ECF 1 at 2.) In July 2026, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents within the interior of the United States. (*Id.*) He is currently detained at Miami Correctional Facility pending the outcome of his removal proceedings. (*Id.*) He states that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues this statutory provision does not apply to him, and that his detention without an opportunity for bond violates applicable statutes, as well as the Due Process Clause of the Fifth Amendment. (*Id.* at 22-30.) He seeks immediate release from custody or other relief the court deems "just and proper." (*Id.* at 31.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden answered the petition (ECF 7), and Mr. Feliciano filed a reply (ECF 8). He also filed a motion to expedite a ruling on his petition due to an upcoming hearing he has scheduled in immigration court. (ECF 10.) The motion will be granted to the extent that the court is resolving the petition in the present order.

The Seventh Circuit recently held that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas v.*

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin,* 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft,* 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden,* 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

*Olson*, ___F.4th___, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Feliciano's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized bond hearing. (ECF 7.) The Warden nevertheless argues that Mr. Feliciano "still must move the immigration court for the hearing and exhaust his administrative remedies." (*Id.* at 2.) In reply, Mr. Feliciano argues that he should not be required to exhaust. (ECF 8.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Feliciano argues that exhaustion might be futile because of the agency's long-standing position on § 1225(b)(2), but in light of the Seventh Circuit's binding opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden concedes that *Cirrus Rojas* entitles Mr. Feliciano to an individualized bond determination (ECF 7), and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Until he gives the administrative process a chance to run its course, it would be premature to conclude that his detention is unlawful. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (declining to excuse § 2241 habeas petitioner from exhausting and observing that he "may well be correct that the [agency's] hands are tied, but he also may be mistaken. Until he asks, we cannot know whether [the agency] may yet be able to grant some relief.").

He also argues that exhaustion would be futile because the agency has no ability to resolve his Due Process claim, but this does not excuse him from exhausting. A petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [Board of Immigration Appeals] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). A favorable ruling in the administrative proceedings could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson,* ___F.

Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings").

He also argues that requiring him to exhaust would "reward" the government for its prior erroneous interpretation of § 1225(b)(2). (ECF 8 at 7.) It is worth noting that two Circuits have agreed with the government's interpretation of the statute, and the Supreme Court has yet to resolve the issue. *See Avila*, 170 F.4th at 1131; *Buenrostro-Mendez*, 166 F.4th at 498. Additionally, the purpose of a habeas corpus action is not to compensate the petitioner for a past injury or punish the respondent for wrongdoing; it is solely to determine whether the petitioner's current detention is lawful. *See* 28 U.S.C. § 2241; *see also U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody[.]") (internal quotation marks omitted), *limited on other grounds by I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). On this record, it would be premature to conclude that his detention is unlawful.

As a final matter, Mr. Feliciano moves to "supplement" his petition. (ECF 9.) He explains that after his original petition was fully briefed, he filed a motion for a bond hearing in his immigration case. (ECF 9.) The bond motion was denied after a hearing on August 17, 2026, based on the immigration judge's determination that he poses a danger to

the community and a flight risk. (ECF 9-5 at 2.) He argues that the immigration judge erred by providing faulty reasons for his ruling and giving short shrift to evidence showing that he has been a law-abiding citizen in the United States for several years. (ECF 9.) He seeks to "supplement" his habeas petition with an entirely new 26-page habeas petition asserting claims related to the immigration judge's August 17 ruling. (*Id.*; ECF 9-2.)

This motion will be denied. Mr. Feliciano is effectively attempting to initiate an entirely new action after briefing was already completed on his original petition, which is not how habeas cases are supposed to proceed. *See* Rule 2(c)(1) of the Rules Governing Section 2254 Cases ("The petition must . . . specify all the grounds for relief available to the petitioner[.]"). Allowing this approach could result in endless rounds of amendments and new briefing as the facts surrounding a noncitizen's removal proceedings evolve. Even if the court permitted him to file the supplemental petition, it would not save the case from dismissal. The regulations provide for an appeal of bond rulings to the Board of Immigration Appeals, but it is evident that Mr. Feliciano has not availed himself of that remedy.[2] *See* 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3); *see also Singh v. English*, No. 3:25cv1046, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026) (Brisco, J.) ("[D]iscretionary detainees held

[2] Notably, 8 U.S.C. § 1226(e) prevents the court from reviewing "operational decisions" by the Attorney General to deny bond in a particular case. *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999); *see also Jennings*, 853 U.S. at 295 (recognizing discretionary nature of custody determinations under § 1226(a) and holding that "§ 1226(e) precludes an alien from challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release"). Certain types of legal challenges to a bond determination remain viable. *See Jennings*, 583 U.S. at 295; *Demore v. Kim*, 538 U.S. 510, 517 (2003). Unless and until Mr. Feliciano exhausts his administrative remedies, it would be premature to consider whether his arguments about the immigration judge's bond ruling are permissible under § 1226(e).

under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary."). The appropriate course is to require Mr. Feliciano to exhaust his administrative remedies related to his bond request within the agency. If he does not obtain relief, he is free to file a new petition when that process is completed.

For these reasons, the court:

(1) **GRANTS** the petitioner's motion to expedite (ECF 10) as outlined;

(2) **DENIES** the petitioner's motion to supplement (ECF 9);

(3) **DISMISSES** the petition (ECF 1) **WITHOUT PREJUDICE** for lack of exhaustion; and

(4) **DIRECTS** the clerk to enter final judgment and to close this case.

SO ORDERED on August 26, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT